**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RANDY SCOTT, | : | |
| Plaintiff, | : | Civil Case No. 09-5910(SDW) |
| v. | : | **O P I N I O N** |
| DET. EDMUND GALINSKI, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Randy Scott, Pro Se
# 655SBI663767B
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327

**WIGENTON, District Judge**

Plaintiff, Randy Scott, currently incarcerated at the Bayside State Prison, Leesburg, New Jersey, has submitted a complaint, pursuant to 42 U.S.C. § 1983, seeking to add discovery to his previous filed and dismissed complaint in Scott v. Galinski, et al., 09-2694 (SDW).  In that case, Plaintiff challenged the procedures surrounding his arrest.  The case was dismissed by Opinion and Order dated August 4, 2009.  In this submission, docketed as a new matter by the Clerk of the Court, Plaintiff attaches a transcript of the grand jury hearing concerning the same arrest.  He states:

> Additional discovery added to my complaint, given, as I
> received on a later date, after I filed the original
> first complaint, civil case no. 09-2694 (SDW).
> Detective Elmo never addressed the scope of the arrest

>warrant or search warrant, used on Nov. 5th, 08, please see additional discovery.

(Complaint, ¶ 6).

This Court has reviewed the grand jury transcript submitted by Plaintiff, and finds it does not alter this Court's opinion concerning Plaintiff's arrest and search, as set forth in the Opinion in Scott v. Galinski, et al., 09-2694 (SDW) (see docket entry 4, Opinion).

However, rather than file this matter, costing Plaintiff another $350.00 filing fee, this Court will administratively terminate this case without assessing a fee.  The Court finds that Plaintiff could have filed a motion to reopen his previously dismissed case in order to add this discovery, and since both cases concern the same events and legal issues, this Court does not find it necessary to maintain a separate action and for Plaintiff to incur a second filing fee and a "strike" towards his available in forma pauperis quota, pursuant to 28 U.S.C. § 1915(g).

Therefore, for the reasons set forth above and for the reasons set forth in this Court's August 4, 2009 Opinion in Scott v. Galinski, et al., 09-2694 (SDW), Plaintiff's civil complaint, filed pursuant to 42 U.S.C. § 1983, shall be administratively terminated. An appropriate order follows.

```
                                    s/Susan D. Wigenton         ___
                                    SUSAN D. WIGENTON
                                    United States District Judge
Dated: January 25, 2011
```